IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ANTONIO CRUZ CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, *et al.*<br><br>Respondents. | 3:26-CV-00344-CCW |

## **ORDER**

Before the Court is a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a native of Nicaragua, is currently detained at Moshannon Valley Processing Center. ECF No. 1 ¶ 1. He entered the United States without inspection on November 26, 2022, was encountered by border patrol, detained, and released on parole. *Id.* ¶ 20. Petitioner filed an asylum application with U.S. Citizenship and Immigration Services ("ICE") on April 16, 2024. *Id.* ¶ 21. Petitioner then obtained temporary employment authorization and began working at a nursing home in Allentown, Pennsylvania. *Id.* On August 25, 2025, Petitioner was detained following a scheduled appointment with ICE. *Id.* On October 17, 2025, an Immigration Judge ("IJ") denied Petitioner's application for asylum, but granted Petitioner relief under the United Nations Convention Against Torture. *Id.* ¶ 23. Petitioner appealed the IJ's denial of his asylum application to the Board of Immigration Appeals. *Id.* His BIA appeal remains pending. *Id.* ¶ 26. He now asserts that he is subject to discretionary detention pursuant to § 1226(a) and not mandatory detention under § 1225(b)(2) and therefore that he is entitled to a bond hearing.[1]

---

[1] To the extent Petitioner is required to exhaust administrative remedies, the Court finds that exhaustion would be futile in this case in light of the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

The Court agrees.  Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). This Court joins the overwhelming majority of District Courts to hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the Country. *See Singh v. Oddo*, No. 3:25-cv-00429, 2026 WL 73789, *4 (W.D. Pa. Jan. 9, 2026) (Brown, M.J.) (noting "growing consensus").  The Court does not find persuasive the recent decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  Petitioner's detention is governed by § 1226(a) and he therefore has a statutory right to a bond hearing.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, as follows:

1. Within seven days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to 8 U.S.C. § 1226.

2. IT IS FURTHER ORDERED that if Petitioner does not receive a bond hearing by that date, or if the immigration judge declines to conduct a bond hearing based on *Matter of Yajure Hurtado*, Respondents shall immediately release Petitioner from custody.

3. IT IS FURTHER ORDERED that within seven days of the immigration judge's decision, the parties must file a joint notice on the docket advising the Court of the outcome of the bond hearing.

4.     IT IS FURTHER ORDERED that any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) shall be filed within ten days of this Order.

5.     IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.

DATED this 11th day of March, 2026.

                        BY THE COURT:

                        <u>/s/ Christy Criswell Wiegand</u>
                        CHRISTY CRISWELL WIEGAND
                        United States District Judge

cc (via ECF email notification):

All Counsel of Record